**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**SHELIA D. HUDSON,**

        **Petitioner,**

    v.                          CASE NO. 11-3074-SAC

**KANSAS PAROLE BOARD,**

        **Respondent.**

### O R D E R

This action was filed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 by an inmate of the Topeka Correctional Facility, Topeka, Kansas. Petitioner has also filed a motion to proceed in forma pauperis, with supporting documentation that indicates the motion should be granted. Having considered the materials filed by petitioner, the court finds as follows.

Ms. Hudson is serving terms that were imposed in 1981 and 1991 and aggregated. Initially, petitioner indicates that she is challenging the decision of the Kansas Parole Board with regard to her aggregated 20-year sentence imposed in 1991. While responding to questions regarding exhaustion of state court remedies, she indicates that in the state courts she has argued that her 1981 sentence expired in July 1991 prior to her new offense in 1991, and thus could not have legally been aggregated with her 1991 sentence. Her other fact allegations include that she filed a K.S.A. § 60-1501 petition in Shawnee County District Court on October 28, 2010, and to date there has been "no response."

As ground (1) for this federal Petition, Ms. Hudson claims denial of due process. As factual support, she alleges that she filed a 60-1501 petition claiming her 1981 sentence expired prior to

her 1991 offense. She also claimes that no parole decision had indicated that parole was forfeited. In discussing exhaustion of these particular claims, she refers to her pending 60-1501 petition and states that it has been "completely ignored" by the state district court. She also states that she is "attempting to address the issue in this court of the non-response of the (state) district court to (her) 60-1501 in a timely manner."

As ground 2, petitioner claims denial of procedural due process. As supporting facts, she alleges that the delay in responding to her 60-1501 petition is arbitrary and capricious, denies her access to "higher courts," and that if there is no response by August 9, 2011, which she refers to as her "erroneous maximum date," then her claim will become moot. She indicates that questions on exhaustion as to this claim are "N/A" and that she does not know how to "grieve" the state court's failure to act.

As ground 3, petitioner claims deliberate indifference. In support, she alleges that the KPB would not acknowledge that her 1981 sentence had expired on July 6, 1991, prior to her new offense. She alleges that she raised this issue in a motion to the Tenth Circuit Court of Appeals, but they never acknowledged it.

As ground 4, petitioner claims deliberate indifference. In support, she alleges that she filed her 60-1501 five months ago alleging that her 1981 term expired July 6, 1991, and the State refuses to timely respond. She claims prejudice to her right of access, and again indicates that questions as to exhaustion of this claim are N/A.

Having screened this petition, the court finds that it is subject to being dismissed. Petitioner will be given time to show

cause why it should not be dismissed for the reasons stated herein. If she fails to show cause within the time allotted, this action may be dismissed without further notice.

To the extent that Ms. Hudson is once again trying to raise the claim that her 1981 sentence expired prior to imposition of her aggregated term in 1991 on her theory that she was entitled to credit for the years she spent on parole in connection with the 1981 sentence, the court finds the following defects. First, as Ms. Hudson has been previously informed by the Tenth Circuit, her claim that the Kansas Parole Board improperly denied her credit for time spent on parole in connection with her 1981 sentence is a challenge to the execution of her sentence that must be raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. See Hudson v. Koerner, 125 Fed.Appx. 217, **1 (10th Cir. Feb. 15, 2005)(unpublished). Accordingly, in order to proceed with this claim, Ms. Hudson is required to submit an Amended Petition pursuant to § 2241, rather than § 2254.

Second, no claim for relief under § 2254 is presented. Ms. Hudson is not challenging her 1981 or her 1991 conviction. If she insists on proceeding with the instant claims in this § 2254 petition, it shall be dismissed for failure to state a claim. If it were a genuine § 2254 petition, it might also be dismissed because she obviously has not obtained authorization from the Tenth Circuit Court of Appeals to file a second, successive § 2254 petition.

Third, Ms. Hudson's claim of entitlement to street time credit, even if properly presented under § 2241, would be dismissed. This court has previously found and finds now that this claim is successive and abusive, and should be dismissed for this reason.

3

See Hudson v. Koerner, Case No. 02-3116-RDR (D.Kan. Apr. 26, 2005).

Finally, even if properly presented under § 2241, this claim has no merit. To proceed with a § 2241 habeas claim, a prisoner must establish, as a jurisdictional requirement, that she is in custody "in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2241(c)(3). Ms. Hudson has already had this claim denied on the merits. The Kansas Supreme Court, this court, and the Tenth Circuit Court of Appeals have all rejected her argument that she was entitled to credit for time spent on parole, the underlying premise for her claim that her 1981 sentence expired before the offense was committed that led to her aggregated sentence. Ms. Hudson was previously informed by the Tenth Circuit that this claim does not state a federal constitutional violation. See Hudson v. Koener, No. 03-3206, *4 (10th Cir. Dec. 8, 2003)("Hudson has failed to make a substantial showing that the denial of credit for parole time, pursuant to Kansas state law, to prisoners who commit new offenses while on parole, denies her a constitutional right."). Ms. Hudson's suggestion that the Tenth Circuit ignored her claim is simply not accurate. See Case No. 08-3188-SAC, at 2 (Doc. 14)(June 2, 2009).

Petitioner asks the court to order the Shawnee County District Court to "respond to petitioner's 60-1501." To the extent, Ms. Hudson alleges due process and court access violations based upon the state district court's alleged delay in ruling upon her pending state post-conviction motion, she seeks the wrong kind of relief in the wrong court. Federal habeas corpus is not the appropriate vehicle to raise constitutional challenges to a state court's post-conviction process. See Steele v. Young, 11 F.3d 1518, 1521, 1524

4

(10th Cir. 1993)(Challenge to state court procedures during a post-conviction proceeding fails to state a federal constitutional claim cognizable in a federal habeas proceeding.); see also Sellers v. Ward, 135 F.3d 1333, 1339 (10th Cir. 1998)(An alleged deprivation of due process based on the state appellate court's refusal to grant post-conviction review was not cognizable on federal habeas corpus "because the constitutional error he raises focuses only on the State's post-conviction remedy and not the judgment which provides the basis for his incarceration."); Graves v. Boone, 201 F.3d 447, *2 (10th Cir. Nov.30, 1999)(unpublished)[1]("Mr. Graves' challenges to Oklahoma's post-conviction procedures do not amount to federal constitutional claims in a federal habeas action."). Such complaints must be directed to the state court in which the action is pending and to the state appellate courts, if necessary.

The federal district courts are not super appeals courts for the state courts. Smith v. Phillips, 455 U.S. 209, 221 (1982)("Federal courts have no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension."). At most, petitioner's allegations of delay might be considered by this court in connection with a habeas petition to show that exhaustion should not be required. Even in that event, this court would find that Ms. Hudson has not shown that the delay in the state district court has been inordinate. Her claim of a six-month delay from the time she filed her state motion does not establish that the remedies available in the state court are ineffective. Her suggestion that her release date may occur

---

[1] This unpublished opinion is not cited as binding precedent but for persuasive value in accord with Fed.R.App.P. 32.1 and 10th Cir.R. 32.1.

before the matter is resolved in state court is not persuasive, particularly since she does not provide any reason for her failure to initiate the state court proceedings years earlier. The court additionally notes that if petitioner is seeking to raise claims that have already been rejected in the state and federal courts, as it appears, she has no due process right to a speedy resolution of repetitive, meritless claims.

Finally, to the extent that Ms. Hudson could be trying to challenge some recent decision of the Kansas Parole Board on some other ground that has not already been determined against her, she has stated no facts to support such a claim. Moreover, any new claim must have been fully exhausted by way of the available administrative and state court remedies. Accordingly, any new claim is subject to being dismissed for failure to state facts in support and failure to show full exhaustion of that particular claim.

**IT IS THEREFORE BY THE COURT ORDERED** that petitioner is granted fifteen (15) days in which to show cause why this action should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that petitioner's Motion to Proceed without prepayment of fees (Doc. 2) is granted.

**IT IS SO ORDERED.**

Dated this 14th day of June, 2011, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge